LAW OFFICES OF BERNARD R. SCHWAM
Bernard R. Schwam, Esq. SBN-67452
*bschwam@sbcglobal.net*
16133 Ventura Blvd., Penthouse
Encino, CA 91436
(818) 986-3775, Fax (818) 788-3153

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK D. JAMES<br><br>Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**<br><br>**[29 U.S.C. Section 1132]** |

Plaintiff, FREDERICK D. JAMES (hereinafter referred to as "Plaintiff"), complains of Defendant UNUM LIFE INSURANCE COMPANY OF AMERICA (hereinafter referred to as "UNUM") as follows:

### JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (t), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101 . et. seq. (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan, regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2).

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff exhausted the appeal process on or about January 14, 2022, at which time he was informed that UNUM had denied Plaintiff's appeal of the denial of his long term disability benefits.

## GENERAL ALLEGATIONS

5. Plaintiff is informed and believes and thereon alleges that the plan is an employee welfare benefit plan established and maintained by Plaintiff's employer, ENTERPRISE RENT-A-CAR (hereinafter referred to as "ENTERPRISE"), to provide its employees with group long term disability ("LTD") benefits, and to pay a portion of a covered employee's income during a period of disability.

6. Plaintiff is an individual citizen and resident of the State of California, Los Angeles County, residing within the Central District of the State of California.

7. On information and belief, UNUM insures the Plan and is contractually obligated to pay benefits for claims covered and approved through the Plan.

## FACTUAL AND LEGAL BACKGROUND

8. At all times relevant hereto, Plaintiff, currently age 45, was employed by ENTERPRISE as an Automobile Rental Sales Agent.

9. Plaintiff's job at ENTERPRISE was medium and required lifting in excess of 10 pounds, with frequent standing, stooping, reaching downward, handling and fingering. In addition, Plaintiff's job required a high degree of concentration and energy.

10. Plaintiff's policy with UNUM defines disability as follows:

"You are disabled when UNUM determines that:

You are limited from performing the material and substantial duties of your regular occupation due to sickness or injury; and you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury."

11. Plaintiff first became disabled on or about September 8, 2016 due to a multitude of medical conditions including fibromyalgia, hypertension, migraines and anxiety. Plaintiff then returned to work on or about November 29, 2016. Plaintiff was subsequently out of work on or about February 7, 2017 through May 16, 2017. Plaintiff again was out of work on or about October 6, 2017 through June 20, 2018. Eventually, Plaintiff became permanently disabled on or about August 21, 2018 due to some of the same conditions he was previously experiencing, however, after August 21, 2018 Plaintiff developed other non-related symptoms causing him to be continuously disabled to the present date. Although Plaintiff had some of these medical conditions existing prior to the last disability date of August 21, 2018, he did not receive medical treatment or diagnosis for other conditions that he was experiencing during this current disability period to the present date including, but not limited to, sharp chronic pain in the legs, knees and back limiting his ability to sit, stand or walk for long periods. Plaintiff has experienced cognitive dysfunction which limits his attention span, short term memory loss, focus and ability to process information and formulate thoughts. Plaintiff also suffers from irregular sleep patterns, chronic fatigue, eye strain and damaged optical nerves. Plaintiff's current conditions have been diagnosed by his attending physicians who have indicated that Plaintiff is unable to perform the regular duties of his regular occupation as an automobile rental sales agent.

12. UNUM denied Plaintiff LTD benefits on or about January 5, 2019.

13. Plaintiff appealed the decision on July 24, 2019 and again on September 13, 2019 and May 6, 2020, and UNUM then informed him on or about January 14, 2022 that his appeal was denied. Thus, Plaintiff has fully exhausted his

administrative remedies.

14. Plaintiff contends that the standard of review is de novo due to the operation of Insurance Code Section 10110.6 (effective January 1, 2012) which states:

> "If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable."

15. As a direct and proximate result of Defendant's wrongful denial of LTD benefits, Plaintiff contends that Defendant has breached the contract by not paying monthly benefits, payable at the approximate rate of $4,800.00 from November 19, 2018 until the present and continuing less applicable offsets.

16. As a further direct and proximate result of the denial of benefits, and due to Defendant's unreasonable denial, Plaintiff had to engage the services of attorneys to assist him in recovering benefits due him, under the terms of the LTD Plan. Accordingly, Plaintiff is further entitled to reasonable attorney's fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(1).

**WHEREFORE,** Plaintiff demands judgment against Defendants, and each of them, as follows:

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for Long-Term Disability benefits payable at the approximate rate of

$4,800.00 per month from November 19, 2018 to the present and continuing less applicable offsets.

  2. Interest on said amounts in accordance with law;

  3. For reasonable attorney's fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

  5. For any further relief that the court deems reasonable and just.

DATED: November 3, 2022 LAW OFFICES OF BERNARD R. SCHWAM

         By: /s/ Bernard R. Schwam
          BERNARD R. SCHWAM
          ATTORNEY FOR PLAINTIFF
          FREDERICK D. JAMES